IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARIF JOHN REID, | § | |
| Inmate # 45196-079, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3196 |
| | § | |
| UNITED STATES MARSHALS | § | |
| SERVICE, | § | |
| | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER

Sharif John Reid (Inmate #45196-079) is currently in custody of the United States Marshals Service pursuant to a federal conviction from this Court. Reid has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the administration of the federal sentence that he received. After considering all of the pleadings, and the applicable law, the Court concludes that this case must be dismissed for reasons set forth below.

**I.     BACKGROUND**

Reid is presently confined at the Joe Corley Detention Facility in Conroe, Texas, which is apparently a privately owned prison under contract with the United States Marshals Service and other federal agencies. Reid is in federal custody as the result of his recent conviction in *United States v. Reid*, Crim. No. G-07-0027-01 (S.D. Tex.). Reid entered a guilty plea on February 28, 2008, to counts one and six of a multi-count indictment accusing Reid and a co-defendant of conspiracy and access device fraud. (Doc. # 67). On July 30,

2008, this Court sentenced Reid to serve three years of imprisonment in the Bureau of Prisons. As part of the plea agreement, Reid agreed to forfeit $700,000.00 and certain items of personal property seized by law enforcement in connection with this case. (Doc. # 72). The forfeiture proceeding took place on August 11, 2008. (Doc. # 99). The Court sentenced Reid's co-defendant, Nandasharie Shivmangal, on September 10, 2008. That same day, the Court entered its judgment against Reid. (Doc. # 116).

Reid now seeks a writ of habeas corpus under 28 U.S.C. § 2241. Reid complains that the United States Marshals Service has failed to transfer him to the Bureau of Prisons, as directed in the Court's judgment. Reid contends that, by failing to transfer him promptly to the Bureau of Prisons, the United States Marshals Service has violated 18 U.S.C. § 3621, which governs the imprisonment of persons convicted in federal court. The Court concludes that Reid is not entitled to the relief that he seeks.

## II.     HABEAS CORPUS PETITIONS UNDER 28 U.S.C. § 2241

By Act of Congress, "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . . ." 28 U.S.C. § 2241(a). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (comparing collateral attacks upon a conviction or sentence based on errors at trial or sentencing, which are governed by 28 U.S.C. § 2255, with habeas corpus petitions challenging the manner in which a sentence is executed, which are governed by 28 U.S.C. § 2241), *cert. denied*, 534 U.S.

1001 (2001).  However, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States [.]" 28 U.S.C. § 2241(c)(3).  Thus, the writ of habeas corpus envisioned by 28 U.S.C. § 2241 is considered "extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992)).

### III.  DISCUSSION

Arguing that his continued confinement is invalid, Reid seeks a Court order directing the United States Marshals Service to transfer him to the Bureau of Prisons immediately. However, Reid does not show that he is in custody in violation of the United States Constitution or laws and he fails to otherwise show that a writ of habeas corpus is available.

As Reid correctly notes, a person who has been sentenced to a term of imprisonment "shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of [18 U.S.C. § 3624]."  18 U.S.C. § 3621(a).  Reid construes this to mean that his continued confinement in custody of the United States Marshals Service is invalid.  He is mistaken. The ultimate authority to designate a prisoner's place of imprisonment is vested with the Bureau of Prisons.  *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); *United States v. Voda*, 994 F.2d 14, 151-52 (5th Cir. 1993) (observing that "a court may recommend that a sentence imposed under [18 U.S.C.

§ 3621] be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of confinement") (citations omitted). Until the Bureau of Prisons designates a facility for Reid's place of imprisonment, he must remain in the custody of the United States Marshals Service.[1]

The Court notes that Reid was sentenced recently. The judgment was entered September 10, 2008, following a forfeiture proceeding. Reid does not show that he is incarcerated unlawfully or that the delay in transferring him to the Bureau of Prisons is unreasonable under these circumstances. To the extent that Reid requests a transfer from the Joe Corley Detention Facility, this Court has no authority to designate Reid's place of imprisonment or to interfere with the Bureau of Prisons' decisions. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) ("Classification of prisoners is a matter left to the discretion of prison officials," who must have "'broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status.'") (citation omitted). In that respect, a prisoner has no constitutional right to imprisonment in the facility of his choice. *See Meachum v. Fano*, 427 U.S. 214, 224 (1976); *see also Olim v. Wakinekona*, 461 U.S. 234,

---

[1] The United States Marshals Service is a law enforcement agency within the Department of Justice under the authority and direction of the United States Attorney General. 28 U.S.C. § 561(a). The Marshals Service has many duties, one of which includes sustaining custody of federal prisoners "from the time of their arrest by a marshal or their remand to a marshal by the court, until the prisoner is committed by order of the court to the custody of the Attorney General for the service of sentence, otherwise released from custody by the court, or returned to the custody of . . . the Bureau of Prisons." 28 C.F.R. § 0.111(k). To maintain custody of these prisoners, the United States Marshal is also responsible for acquiring "adequate and suitable detention space, health care, and other services and materials required to support prisoners under the custody of the U.S. Marshal who are not housed in [f]ederal facilities." *Id.* at § 0.111(o).

245 (1983) (holding that a prisoner has no reasonable expectation of being incarcerated in a particular prison); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility."). Because Reid does not demonstrate that a constitutional violation has occurred, he does not show that he is entitled to the relief that he seeks.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS**:

1. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on October 29th , 2008.

_____
Nancy F. Atlas
United States District Judge